# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

FILED AND CERTIFIED
ROBERT R. CARR, CLERK
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

Date:  6/8/2012

By:  C. Dearborn

Deputy Clerk

IN RE: DARVOCET, DARVON AND PROPOXYPHENE
PRODUCTS LIABILITY LITIGATION

MDL No. 2226

## TRANSFER ORDER

**Before the Panel:**[*]  Pursuant to Panel Rule 7.1, plaintiffs in three actions listed on Schedule A move to vacate our orders that conditionally transferred their respective actions to MDL No. 2226. Responding defendants Eli Lilly & Co. (Eli Lilly), Xanodyne Pharmaceuticals, Inc. (Xanodyne), Covidien Inc., Mylan Inc., and Mylan Pharmaceuticals Inc. oppose the motion.

In support of their motion to vacate, plaintiffs argue primarily that federal jurisdiction does not exist in these cases.  Plaintiffs also argue that these actions involve unique factual issues distinct from the issues in MDL No. 2226.  We find these arguments unpersuasive.  The Panel has often held that jurisdictional issues do not present an impediment to transfer, as plaintiffs can present such arguments to the transferee judge.  *See, e.g., In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).  Furthermore, while these actions may involve some unique issues of fact, the majority of claims are virtually identical to claims already pending in the MDL.  Section 1407 does not require a complete identity or even a majority of common factual or legal issues as a prerequisite to transfer.  *See, e.g., Gadolinium Contrast Dyes Prods. Liab. Litig.*, 536 F. Supp. 2d 1380, 1382 (J.P.M.L. 2008).

After considering all argument of counsel, we find that the actions share questions of fact with actions in this litigation previously transferred to the Eastern District of Kentucky, and that transfer of this action to the Eastern District of Kentucky for inclusion in MDL No. 2226 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Like many of the already-centralized actions, these cases involve factual questions arising from allegations that Darvocet, Darvon and other medications containing propoxyphene were defectively designed and marketed and claims that the ingestion of such medications resulted in injury.  *See In re Darvocet, Darvon and Propoxyphene Prods. Liab. Litig.*, 780 F. Supp. 2d 1379, 1380 (J.P.M.L. 2011).

---

[*]     Judge Kathryn H. Vratil took no part in the decision of this matter.

-2-

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of Kentucky and, with the consent of that court, assigned to the Honorable Danny C. Reeves for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

_____

John G. Heyburn II
Chairman

| W. Royal Furgeson, Jr. | Barbara S. Jones |
| Paul J. Barbadoro | Marjorie O. Rendell |
| Charles R. Breyer | |

**IN RE: DARVOCET, DARVON AND PROPOXYPHENE
PRODUCTS LIABILITY LITIGATION**                          MDL No. 2226

**SCHEDULE A**

<u>Northern District of California</u>

Henry D. Witthauer, et al. v. McKesson Corp., et al., C.A. No. 3:12-00343
Wendell Rice, et al. v. McKesson Corp., et al., C.A. No. 3:12-00344
Tenessia Posey v. McKesson Corp., et al., C.A. No. 3:12-00346